**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 28, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: January 28, 2010**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-14703 |
| | ) | |
| Michael & Eleanor Kovacs, | ) | Chapter 7 |
|     Debtors. | ) | |
| _____ | ) | |
| | ) | Adversary Proceeding |
| Steven Davis, Chapter 7 Trustee, | ) | No. 09-1339 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| Erie Family Life Insurance Co., *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the unopposed motion of the Chapter 7 Trustee (trustee) for summary judgment. For the reasons that follow: (1) the trustee's motion for summary judgment is granted as to Erie Family Life

---

[1] This Memorandum of Opinion is not intended for official publication.

Insurance Company (Erie Insurance), and (2) the trustee is directed to seek an entry of default and default judgment against defendant Eleanor Kovacs.

FACTS AND PROCEDURAL HISTORY

Unless otherwise indicated the following facts are undisputed. On June 19, 2008, the debtors, Michael & Eleanor Kovacs (debtors), filed a voluntary petition under Chapter 13 of the Bankruptcy Code (Case # 08-14703). On July 29, 2008, the debtors filed a notice of voluntary conversion to Chapter 7 (Docket #13). After the debtors' case was converted, Steven Davis was appointed as Chapter 7 Trustee.

*1. Structured Settlement Annuity from Erie Insurance*

According to the debtors' bankruptcy petition, In May, 2005, Eleanor Kovacs, agreed to a structured settlement annuity (annuity). Erie Insurance issued the annuity (structured settlement certificate # 602-678PO). In December, 2005, Eleanor Kovacs sold a portion of her interest in the annuity. The debtors did not claim the annuity as exempt property. The trustee asserts that the current value of the annuity is approximately $5,300.00.

*2. The Current Adversary Proceeding*

On October 12, 2009, the trustee filed this adversary proceeding against Erie Insurance and debtor Eleanor Kovacs seeking an order finding that the annuity is

property of the estate, and directing the defendants to turnover the annuity, or its value, pursuant to 11 U.S.C. § 542(a). On November 4, 2009, Erie Insurance filed its answer. Eleanor Kovacs has not responded or otherwise appeared. On December 11, 2009, the trustee filed a motion seeking summary judgment. Neither defendant responded to the trustee's motion seeking summary judgment, and the Court is ready to rule.

## JURISDICTION

The Court has jurisdiction over this action. Actions seeking turnover of property of the estate are core proceedings under 28 U.S.C. § 157(b)(2)(E). The Court has jurisdiction over core proceedings under 28 U.S.C. § 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

3

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

### A. Annuity as Property of the Estate

Before addressing the trustee's motion for turnover the Court must first determine whether the annuity is property of the estate. The trustee is only entitled

to a turnover of property which is part of the debtors' bankruptcy estate. *See In re Osterwalder*, 407 B.R. 291, 294 (Bankr. N.D. Ohio 2008) ("Thus, although not specifically stated in § 542, fundamental to the concept of 'Turnover' is that the asset to be turned over must be property of the debtor's bankruptcy estate." (*citing In re Bracewell*, 454 F.3d 1234, 1243 (11th Cir. 2006))). Section 541 of the Bankruptcy Code defines "property of the estate." Subject to a few, specifically enumerated exceptions, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. 11 U.S.C. § 541.

The Sixth Circuit has held, "the scope of section 541(a)(1) is broad, includes tangible and intangible property, and allows the bankruptcy 'trustee to regain possession of property in which the debtor had equitable as well as legal title.'" *Demczyk v. Mutual Life Ins. Co. (In re Graham Square)*, 126 F.3d 823, 831 (6th Cir. 1997) (*quoting United States v. Whiting Pools*, 462 U.S. 198, 204 (1983)). Relying on the broad language of section 541, many courts have held that the debtor's interest in a cause of action is property of the estate. *See Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542 (6th Cir. 1989); *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) ("The scope of section 541 is broad and includes causes of action."); *Tignor v. Parkinson,* 729 F.2d 977, 981 (4th Cir. 1984) ("The debtor's claims for injuries to the person,

5

whether unliquidated as when the petition was filed, or settled as occurred during the proceeding, are thus property of the bankrupt estate"). Courts have also held that proceeds from a settlement of a cause of action are property of the estate. *See In re Wiley*, 184 B.R. 759, 765 (N.D. Iowa 1995); *Walro v. Striegel (In re Striegel)*, 131 B.R. 697 (S.D. Ind. 1991); *In re Robinson*, 292 B.R. 599, 606 (Bankr. S.D. Ohio 2003); *Doucet v. Cooper (In re Cooper)*, 263 B.R. 835, 837 (Bankr. S.D. Ohio 2001) ("Prepetition personal injury claims, as well as the settlement proceeds from such claims are property of the bankruptcy estate.").

Eleanor Kovacs, entered into a settlement, which resulted in her receiving the annuity at issue. The trustee asserts the annuity is property of the estate. Neither defendant has disputed the trustee's contention. Based on the broad scope of section 541, and the relevant case law the Court finds that the annuity is property of the estate.

### B. Turnover of the Annuity to the Trustee

The trustee seeks an order directing the defendants to turnover the annuity, or its value, to the trustee pursuant to 11 U.S.C. § 542(a). Section 542(a) provides in pertinent part:

> (a) an entity, other than a custodian, in possession, custody, or control, during the case of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section

6

> 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The plain language of § 542(a) is clear that subject to a few, specifically enumerated exceptions a party holding valuable property of the debtor's bankruptcy estate that is not exempt under § 522 must surrender the property to the trustee. *See In re Osterwalder*, 407 B.R. at 294 (*citing Whiting Pools, Inc.*, 462 U.S. at 202-03); *French v. Johnson (In re Coomer)*, 375 B.R. 800, 803 (Bankr. N.D. Ohio 2007).

The Court has determined that the annuity is property of the estate. The trustee has asserted that the annuity has a value of $5,300.00, neither defendant has disputed the trustee's valuation. The debtors did not claim the annuity as exempt. Accordingly, the trustee is entitled to an order directing Erie Insurance to turnover the annuity, or its value.

### C. Trustee Must Seek Entry of Default and Default Judgment Against Defendant Eleanor Kovacs

The trustee would also be entitled to summary judgment against defendant Eleanor Kovacs if she had filed an answer, but she has not done so. Absent evidence that defendant Eleanor Kovacs was properly served and in default of answer, the Court cannot enter a judgment against her. Accordingly, unless the

trustee obtains an agreed order with defendant Eleanor Kovacs, the trustee must proceed against her by seeking entry of default and default judgment.

## CONCLUSION

For the reasons stated above, the trustee's motion for summary judgment is granted as to Erie Insurance, which is ordered to turnover the annuity, or its value, to the trustee within 21 days of the date of this Memorandum of Opinion. The trustee is directed to seek an entry of default and default judgment against defendant Eleanor Kovacs.

IT IS SO ORDERED.